UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARCO NATIONAL INSURANCE COMPANY,

        Plaintiff,                            Case No. 06-cv-11314

v                                                      Honorable Thomas L. Ludington

SLEEGERS ENGINEERING, INC.,
SLEEGERS MACHINING AND FABRICATING, INC.,
and BI-PHASE TECHNOLOGIES, L.L.C.,

        Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, GRANTING PLAINTIFF'S MOTION TO EXTEND, AND SETTING TRIAL SCHEDULE**

Plaintiff Harco National Insurance Company initiated this subrogation lawsuit after it paid almost $5,000,000.00 to its insured, Zaremba Equipment. Harco, as subrogor, maintains that Defendants' negligence led to a fire that destroyed Zaremba's business and building, and therefore it seeks recovery from Defendants.

On October 10, 2014, Defendants filed a motion in limine regarding Harco's answers to the damages interrogatories. Because Harco did not sufficiently respond to the damages interrogatories, this Court directed Harco to provide full and complete responses. In addition, because Harco was not entitled to certain categories of damages as a matter of law, the Court granted Defendants summary judgment on those damages issues.

On December 9, 2014, Harco and Defendant Bi-Phase Technologies both filed motions for reconsideration. Because Bi-Phase has identified palpable defects in this Court's prior Order,

its motion for reconsideration will be granted. In contrast, Harco's motion for reconsideration will be denied because its arguments are not cognizable on a motion for reconsideration.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakeable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 7.1 (h)(3)).

**II**

In its motion for reconsideration, Bi-Phase identifies two palpable errors in this Court's November 25, 2014 Order. Accordingly, Bi-Phase's motion for reconsideration will be granted.

**A**

First, Bi-Phase contends that the Court erred when it concluded that Harco may be entitled to recover the post-judgment interest incurred on the state court judgment.[1] As Bi-Phase correctly contends, the post-judgment interest on the state court judgment is not a category of damages that would be recoverable by Zaremba. And because Harco "stands in the shoes" of its subrogee, Zaremba, it may not recover post-judgment interest. *Yerkovich v. AAA*, 610 N.W.2d 542, 544 (Mich. 2000). Moreover, this result logically follows; otherwise, Harco could potentially be allowed to recover post-judgment interest (in federal court) on post-judgment interest (in state court). To allow such a possibility would be contrary to Michigan subrogation

---

[1] It is important to emphasize that Defendant Bi-Phase is claiming that Harco cannot recover the post-judgment interest incurred as a result of the judgment in the *Zaremba v. Harco* litigation in state court. This is in contrast, for example, to the possibility that Harco may be entitled to recover post-judgment interest if it prevails in this federal litigation.

- 3 -

law, which entitles a subrogor only to the amounts that a subrogee may have recovered and no more. *Id*.

**B**

Second, Bi-Phase contends that this Court erred when it accepted Harco's interrogatory answer that it had paid $397,541.00 in judgment interest and penalties. Bi-Phase contends that Harco's "numbers are completely inaccurate for the judgment." Def.'s Mot. Reconsideration 5 (emphasis removed). Bi-Phase explains that the inaccuracy arises, in part, because Harco based its damages calculations on an inaccurate jury verdict. In the state court jury verdict, the jury calculated a total damage amount of $1,556,558.00. But the jury then assessed plaintiff-Zaremba at 20% comparative negligence. Thus, the resulting jury award required Harco to pay $1,245,264.40.

However, instead of using the actual, reduced jury award to calculate its damages, Harco instead used the unreduced amount that does not take into account comparative negligence. According to Bi-Phase, the correct calculation of interest is as follows:

|       | **Reduced Jury Award:**      | **$1,245,264.40** |
|-------|------------------------------|-------------------|
| minus | Destroyed Building Contents: | $657,920.00       |
| minus | Cost of Replacing Building:  | $898,638.00       |
| minus | Case Evaluation Sanctions:   | $134,739.33       |
|       | **Interest Paid:**           | **$574,113.40**   |

Bi-Phase's calculation appears sound, and Harco has not disputed the calculation. Accordingly, it appears that Harco paid $574,113.40 in interest—and not the $397,541.00 it claimed in its responses to interrogatories.

Harco will be allowed to address this disparity in its answers to Defendants' interrogatories. As noted in the November 25, 2014 Order, Harco has been directed to provide full and complete answers to the interrogatories. Indeed, a plaintiff's method of calculating and assigning value to damages claims is a fundamental disclosure available in discovery.

**C**

Bi-Phase has thus identified two palpable errors in this Court's November 25, 2014 Order granting its motion in limine in part. Therefore, its motion for reconsideration will be granted. Harco will be unable to recover interest on the state court judgment—whether pre- or post-judgment—as a matter of law. In addition, because it appears that Harco has incorrectly calculated the amount of interest it paid, the parties are not bound by Harco's initial answer that it paid only $397,541.00 in interest.

**III**

Harco also filed a motion for reconsideration, in which it asserts four arguments. But because not one of these arguments is cognizable on a motion for reconsideration, Harco's motion will be denied.

**A**

Harco first asserts that this Court erred in concluding that it is not entitled to the full extent of the payments it paid its insured, Zaremba. Harco relies on the cases it originally advanced in its response, which provide that "[a]s a general matter, past payments of the obligation define subrogation rights and fix the *extent* of amounts to be claimed pursuant to those rights." Pl.'s Mot. Reconsideration 5-6 (quoting *Morrow v. Shah*, 450 N.W.2d 96, 99 (Mich. Ct. App. 1989)) (emphasis original).

This is the same argument set forth in its response to Defendants' motion in limine, and therefore it is not a cognizable argument in Harco's motion for reconsideration. Eastern District of Michigan Local Rule 7.1(h)(3) provides that "motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted." Indeed, a motion for reconsideration "is not properly used as a vehicle to re-hash old arguments . . ." *Smith v. Mount Pleasant Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 3744 (6th Cir. 1998)). Because Harco is re-asserting the same argument it made in its response, its motion for reconsideration with respect to this issue will be denied.

But even examining its argument on the merits, Harco would still not be entitled to relief. The cases that Harco cites do not stand for the proposition that Harco asserts—instead, these cases make clear that past payments to the subrogor create the *ceiling* for recovery. Indeed, this is the exact holding in *Morrow*. In *Morrow*, the Michigan Court of Appeals cited *Milan v. Kausch*, a case in which a court had to determine whether a subrogee's claim could satisfy the court's $3,000.00 jurisdictional limit. Although the insurance company/subrogee asserted that it could recover $10,000 in tort, the *Milan* court noted that "Michigan law limited recovery 'to the extent of the amounts paid in discharge of the obligation assumed by the subrogee.'" *Morrow*, 450 N.W.2d at 749-50 (quoting *Milan v. Kausch*, 194 F.2d 263, 265 (6th Cir. 1952) (applying Michigan law)). In other words, the subrogee's past payments delineate the maximum amount it may recover, but those payments do not create an automatic entitlement to those amounts. Thus, even considering Harco's argument on the merits, it would not be entitled to relief.

**B**

Harco next asserts that this Court erred when it concluded that the amount recoverable for Zaremba's destroyed building would be the actual cash value of the building. Order 9, ECF No. 133 ("Therefore, Harco will be directed to respond to Defendants' interrogatories seeking information on the actual cash value of Zaremba's building."). Now, Harco asserts—for the first time—that the correct valuation method for the building would be replacement cost less depreciation.

But this argument is not cognizable on a motion for reconsideration because Harco did not assert it in his response. A motion for reconsideration may not be used as "an opportunity to re-argue a case," or "to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 3744 (6th Cir. 1998)). To allow Harco to present new, alternative arguments at this stage would be patently unfair because Defendants are not permitted to respond to the motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(2) ("No response to the motion and no oral argument are permitted . . . .").

In its response to Defendants' motion in limine, Harco asserted only one argument with respect to the value of the building: that the calculation method was irrelevant and not discoverable because Harco is entitled to recover everything it paid. *See* Order 9 ("Harco's rationale appears to stem from its belief that a breakdown of damages is irrelevant because Harco is entitled to recover every cent it paid: 'Harco has never revisited this issue because it had nothing to do with the calculation of damages in the prior case and has nothing to do with the calculation of damages in this case so it stands as it was stated.'" (quoting Harco's Resp. 3, ECF No. 128)).

Having lost that battle, Harco now seeks to set forth a theory for calculating the value of Zaremba's' building. But, as noted above, allowing Harco to assert a new theory would be unfair and contrary to Sixth Circuit caselaw. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.") (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Accordingly, Harco's motion for reconsideration will be denied with respect to this claim.

## C

Harco next asserts that this Court erred in concluding that it could not recover damages related to Zaremba's employees' tools because Zaremba was not the real party in interest. However, similar to its previous argument, Harco did not assert this argument in its response to Defendants' motion in limine. Indeed, the Court noted that Harco had not responded to Defendants' argument and had instead relied solely on the argument that it was entitled to all past payments: "Harco nevertheless maintains that because it was obligated to pay for the employee tools pursuant to the insurance contract, it is entitled to recover those damages from Defendants. . . . Harco has produced no authority to support the proposition that Zaremba could have recovered the value of its employees' tools from Defendants, as is its burden." Order 11-12. Therefore, because Harco is seeking to provide a new argument, its motion for reconsideration will be denied with respect to this claim.

## D

As a final matter, Harco seeks leave to assert claims for express and implied warranties: "Under this holding of the Court, it should be conceded that Harco is subrogated to the rights of

Zaremba, including its ability to raise the theories of Breach of Implied and Express Warranties with very open measures of damages that have been pleaded and preserved by the Zaremba Corporation." Pl.'s Mot. Reconsideration 18.

This argument was never presented to the Court, either by Defendants or by Harco. Thus, the Court has never issued a ruling or order on the issue, and there is nothing to "reconsider." Therefore, to the extent that Harco seeks the ability to present these arguments at some time in the future, its present motion for reconsideration will be denied without prejudice as to this argument.

## IV

On the same day that the parties filed their motions for reconsideration, Harco also filed a motion to extend the deadline for its answer to Defendants' interrogatories. ECF No. 136. Harco asserts that it needs additional time because it will need to conduct some discovery to accurately respond to the damages interrogatories. In a status conference conducted on December 10, 2014, the parties agreed that Harco's deadline may be extended until January 15, 2015.

## V

Accordingly, it is **ORDERED** that Defendant Bi-Phase's Motion for Reconsideration (ECF No. 135) is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 137) is **DENIED**. To the extent that Harco seeks reconsideration on its claims for (1) the argument that it is entitled to all past payments, (2) the argument that the appropriate method of calculating the value of the building is replacement cost less depreciation, and (3) the argument that Harco may recover the value of Zaremba's employees' tools, these claims are **DENIED WITH PREJUDICE**. To the extent that Harco seeks reconsideration on its claim that it may present

theories of Breach of Implied and Express Warranties, this claim is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's Motion to Extend (ECF No. 136) is **GRANTED**. Harco's answers to Defendants' interrogatories will be due on or before **January 15, 2015**.

It is further **ORDERED** that the deadlines in this case are as follows:

| | |
|---|---|
| Exchange Lay Witness Lists: | January 30, 2015 |
| Expert Disclosure under Rule 26(a)(2)(B) and (C) shall be provided by: | |
|     Plaintiff's Disclosure | February 15, 2015 |
|     Defendants' Disclosure | March 15, 2015 |
| Discovery Cut-Off: | May 29, 2015 |
| Dispositive Motions: | June 30, 2015 |
| Motions Challenging Experts: | June 30, 2015 |
| Motion in Limine: | October 29, 2015 |
| Joint Final Pretrial Order: | November 17, 2015 |
| Jury Instructions: | November 17, 2015 |
| Final Pretrial Conference: | November 23, 2015 at 4:00 p.m. |
| Trial: | December 8, 2015 at 8:30 a.m. |

Dated: December 15, 2014

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2014.

    s/Tracy A. Jacobs
    TRACY A. JACOBS